NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-1061

BRIDGET ALLEN,

Appellant,

v.

Francis J. Harvey,
SECRETARY OF THE ARMY,

Appellee.

_____

DECIDED:  April 14, 2006
_____

Before NEWMAN, LOURIE, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Ms. Bridget Allen appeals the decision of the Armed Services Board of Contract

Appeals denying her claim to be paid for certain services at a higher rate than the rate set

by contract.  We affirm the Board's decision.

BACKGROUND

On March 5, 2003 the U.S. Army Contracting Agency at Fort Myer, Virginia solicited bids for 720 hours of certain work in the Army Community Service Employment Readiness Program. The solicitation was a small business set aside.

Ms. Allen was awarded the contract, for 720 hours from April 1, 2003 through December 31, 2003, at twenty hours per week, to be paid at the rate of $15/hour, for a total contract price of $10,800. The contract incorporated by reference various clauses of the Federal Acquisition Regulations, including FAR 52.212-4 which includes the statement that: "Changes in the terms and conditions of this contract may be made only by written agreement of the parties."

Ms. Patti Wells, the manager of the Employment Readiness Program at Fort Myer, asked Ms. Allen if she would perform her work at the Pentagon, instead of at Fort Myer. Ms. Allen consented. In June 2003 Ms. Wells submitted a request, with Ms. Allen's consent, to the Chief of the Contracts Division at Fort Myer to extend the performance period until March 2004 and to increase the hours per week to thirty. Ms. Wells left in September 2003 for a three-month residency course at Fort Belvoir, Virginia, but before leaving she asked Ms. Allen to change her work location from the Pentagon back to Fort Myer. Both Ms. Wells and Ms. Allen believed that the contract had been extended and Ms. Allen duly worked the additional hours. During this period Ms. Allen assisted employees from the Ft. Myer Department of Public Works who were in jeopardy of losing their jobs due to a possible reduction in force, by teaching courses on resume writing, helping the employees to write resumes, and apparently writing some employee resumes.

On January 27, 2004 Ms. Allen submitted what she entitled a "certified claim" for $7,117.50, along with invoices signed by her supervisors for the time worked. The contracting officer treated the claim as a request for approval of an unauthorized commitment, because Ms. Wells' request to the Chief of the Contracts Division had not been acted on. The contracting officer decided to pay this entire amount, for the work had been done and the invoices had been signed. On April 22, 2004 Ms. Allen submitted a claim for $27,000 for writing federal resumes for approximately 28 employees and providing workshops for approximately 300 employees:

| 1. | Federal Resume preparation | $11,200 |
|---|---|---|
| 2. | Class/seminar development | $ 3,025 |
| | - How to Write a Resume (Federal and Civilian) | |
| | - How to Use Resumix | |
| | - How to Start Your Own Business | |
| 3. | Material Preparation/Samples | $ 4,025 |
| 4. | Classes and seminars (approx. 20 hours of class time at $3,500 per eight hours) | $ 8,750 |
| | Total | $27,000 |

Ms. Allen stated that Ms. Wells and Wells' supervisor Tuddenham orally directed her to perform this work, constituting a new contract. Although Ms. Wells and Tuddenham disputed the details of their supervisory relationship with Ms. Allen's work, that was not the issue before the Board. Although the briefs and record provided are not entirely clear, it appears that Ms. Allen's additional claim included the $7,117.50 of her prior claim. The investigating officer states that she worked more than the maximum number of hours billable under the contract, and Allen states that there were various breaches by the Army that negate adhering to the original hourly rate, that her additional work was undervalued and underpaid, and that a separate implied contract came into effect at the true value of her

services. Ms. Allen states that others in her work area were paid more and did less, and that she was discriminated against because of her race.

The contracting officer denied the amount above $7,117.50. The Board affirmed the denial of the additional approximately $20,000, and held that it lacked jurisdiction over claims for racial discrimination.

This appeal follows.

ANALYSIS

This court has jurisdiction pursuant to 28 U.S.C. §1295(a)(10) and 41 U.S.C. §607(g)(1)(A). We review the Board's factual findings to determine whether they are "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or . . . not supported by substantial evidence." West Coast Gen. Corp. v. Dalton, 39 F.3d 312, 314 (Fed. Cir. 1994) (quoting 41 U.S.C. §609(b)). Questions of law receive plenary review. Id.

Ms. Allen argues that the Army breached the original contract by orally changing the place of performance. We discern no breach in this trivial change, for the locations are only a few minutes apart. She also argues that the contract was at an end because the government "failed to administer and monitor Ms. Allen's contract" and "discriminated against Allen in the making of her contract." The Board did not accept this argument, and we have been directed to no administrative flaw as would warrant deeming the contract to have been terminated.

The extension of the contract, although not properly processed by the Army, did not contemplate a change in the rate of pay. The contracting officer paid Ms. Allen at the contract rate for the additional hours, as would have been the situation had the contract

extension been properly processed.  An increase in contract price cannot be inferred.  The investigating officer did not recommend reimbursement for materials when Ms. Allen made use of government computers, printers, and copiers; no reversible error has been shown in the factual findings of the Board on these questions.

Ms. Allen alleges that the government violated 42 U.S.C. §1981 relating to discrimination.  Ms. Allen has not made a *prima facie* case of discrimination with respect to the contract issues before us, and we discern no error in the Board's decision on this ground.  We have considered all of Ms. Allen's arguments, and conclude that the decision of the Board must be affirmed.

No costs.